United States District Court
Southern District of Texas
**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAOHONG CAI, §
§
        Petitioner, §
§
v. § CIVIL ACTION NO. H-26-2764
§
WARDEN, MONTGOMERY PROCESSING §
CENTER, et al., §
§
        Respondents. §

## MEMORANDUM OPINION AND ORDER

Maohong Cai ("Petitioner"), a citizen of China, entered the United States at a port of entry on January 30, 2020.[1]  On May 4, 2020, Petitioner was issued a Notice to Appear, placing her in removal proceedings.[2]  On May 15, 2020, Petitioner was released on her own recognizance.[3]  On March 2, 2026, Petitioner was detained under 8 U.S.C. § 1225(b)(1)(B)(ii) by Immigration and Customs

---

[1]Petition for Writ of Habeas Corpus Pursuant and Request for Order to Show Cause ("Habeas Petition"), Docket Entry No. 1, pp. 1, 4 ¶¶ 1, 15.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. at 4 ¶ 17.

[3]Id. ¶ 18.

Enforcement at a routine immigration check-in.[4] Petitioner remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates due process and 8 C.F.R. § 212.5(e)(2)(i).[6]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner's detention under § 1225(b)(1) does not violate due process or 8 C.F.R. § 212.5(e)(2)(i).[7] Petitioner has filed a reply.[8]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally

---

[4]Id. ¶ 20; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 3. Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(1)(B)(ii) because an asylum officer determined that she had a credible fear of persecution. Id. (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum.").

[5]Habeas Petition, Docket Entry No. 1, p. 4 ¶ 20.

[6]Id. at 7-12 ¶¶ 36-50.

[7]Respondents' MSJ, Docket Entry No. 5, pp. 3-12.

[8]Petitioner's Reply to Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 6.

permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover, as explained in Morales v. Frink, CIVIL ACTION NO. H-26-0624, 2026 WL 836662 (S.D. Tex. Mar. 19, 2026), because "Hurtado does not appear to prohibit complaints that her detention violates 8 C.F.R. § 212.5(e)(2)(i)" and because "Petitioner provides no evidence that she has petitioned the immigration court to adjudicate her claim," the court concludes that she has not exhausted her administrative remedies for this claim. Id. at *2.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Pursuant and Request for Order to Show Cause (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 5th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-